STATE, Plaintiff, v. OAKEY, Defendant.

*No. State 81. Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 917.)

For the plaintiff: *James A. Drill* of New Richmond, counsel for the Board of State Bar Commissioners.

PER CURIAM. On January 26, 1973, a complaint was filed and later served on the defendant, asking for discipline by virtue of the alleged failure of the defendant to comply with many orders of the county court of Buffalo county in the matter of the Estate and Trust of Ida M. Volkering. Following the defendant's answer, the Hon. DONALD A. ROCK was appointed as referee. A hearing was held before the referee, the defendant representing himself, Attorney Lawrence P. Gherty of Hudson having represented the defendant in these proceedings but having discontinued that representation. The Hon. DONALD A. ROCK died before he could submit his findings and recommendation. The Hon. GEORGE KRONCKE, JR., was appointed in January, 1974, as a replacement referee, and his findings and report were filed with this court on February 7, 1974. After the state moved that these findings be accepted, which motion was filed on March 12, 1974, the state made and filed another motion to the same effect on August 14, 1974. There has been no response by the defendant, although he was furnished a copy of the findings on February 7, 1974, and was sent a later reminder to respond on July 12, 1974. Accordingly, the court now proceeds to consider the findings and recommendation of the referee. The referee states:

"There is no question that defendant is guilty of mishandling the Volkering trust. His motive for inaction is incomprehensible. He failed to respond in any way to five letters sent to him by Judge Madsen. The hearing of April 2, 1971, as well as the hearing of June 18, 1971, were both adjourned to give defendant an opportunity to comply with orders of the Court. In neither case did he do so. He failed to appear December 13, 1971, as ordered.

"Defendant did not defy the Court. He did not refuse to comply with the Court's orders. He did not take steps to follow the Court's patient directives and instructions as to procedures for replacing the missing certificates and for filing a report of such material as was available to him. He simply did nothing.

"It is my finding that defendant's actions were dilatory and contemptuous of the Court as charged in the complaint, and of such a nature as to bring discredit and disgrace upon the legal profession."

The court finds abundant evidence to support the specific findings of the referee. The referee concludes:

"Nothing in the record discloses any remorse for his omissions or the injury he has done to the persons interested in the Volkering Trust. Under rules of the State Bar of Wisconsin, approved by the Supreme Court, he no longer is permitted to practice law in the State (his license to do so having been suspended for more than two years for non-payment of fees).

"His handling of the Volkering Trust and his attitude toward the trial court raise serious questions as to his ability to perform legal services.

"It is my recommendation that the license of Donald Oakey to practice law remain suspended until such time as he can satisfy the Supreme Court that he is well qualified to do so, has repaid the disallowed trustee fees, and has paid the expenses of these proceedings."

The court agrees.

IT IS ORDERED that the license of Donald Oakey to practice law shall remain suspended until such time as he can satisfy the supreme court that he is well qualified to practice law in the state of Wisconsin, and until he has repaid the disallowed trustee fees in the sum of $769 and further until he has paid the expenses of these proceedings, not exceeding $1,000.